JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
SUNOCO, INC. (R&m)

**DEFENDANTS**
KIMBERLY-CLARK PENNSYLVANIA LLC
KIMBERLY-CLARK CORPORATION

**(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas J. McCarrigle & Nipun J. Patel
Reed Smith, LLP, 2500 One Liberty Place, 1650 Market Street
Philadelphia, PA 19103 (215) 8518100

Attorneys *(If Known)*
See Attached List

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☐ 2   U.S. Government Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☒ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1   Original Proceeding
☒ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 (Diversity Jurisdiction)
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
04/04/2013

SIGNATURE OF ATTORNEY OF RECORD
*David Schuman*

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**BAKER BOTTS L.L.P.**
Michael J. Barta
*pro hac vici application forthcoming*
Mark R. Robeck
*pro hac vici application forthcoming*
Kathryn M. Kelley (PA ID. 306856)
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Tel:   (202) 639-7700
Fax:   (202) 639-7890
michael.barta@bakerbotts.com
mark.robeck@bakerbotts.com
kathryn.kelley@bakerbotts.com

**OBERMAYER REBMANN
MAXWELL & HIPPEL LLP**
Walter M. Phillips, Jr. (PA ID. 22788)
H. David Seidman (PA ID. 87769)
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
Phone (215) 665-3000
Fax (215) 665-3165
walter.phillips@obermayer.com
david.seidman@obermayer.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SUNOCO, INC (R&M)
1818 Market Street, Suite 1500
Philadelphia, PA 19103

     Plaintiff

       vs.

KIMBERLY-CLARK
PENNSYLVANIA, LLC
Front Street & Avenue of the States
Chester, PA 19103

     and

KIMBERLY-CLARK CORPORATION
351 Phelps Drive
Irving, TX 75038

     Defendants

CIVIL ACTION NO.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 and in accordance with 28 USC § 1446, Defendants Kimberly-Clark Pennsylvania, LLC ("K-C Penn") and Kimberly-Clark Corporation ("K-CC") (together, "Defendants") file this Notice of Removal to the United States District Court for the Eastern District of Pennsylvania.

### I.      Compliance with 28 U.S.C. § 1446

1.      Defendant K-CC was served by mail with Plaintiff's Complaint on March 7, 2013.  Since this Notice of Removal is being filed within 30 days of service, it is therefore timely filed in accordance with 28 U.S.C. §1446(b).

2.      Defendants will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of such notice with the Clerk of Court of the Court of Common Pleas for Philadelphia County, to effect this removal in accordance with 28 U.S.C. § 1446(d).

### II.      Basis for Removal

3.      Plaintiff Sunoco, Inc. (R&M) ("Sunoco") is a Pennsylvania corporation, with its principal place of business in Philadelphia, Pennsylvania.

4.      Defendant K-CC is a Delaware corporation, with a principal place of business in Irving, Texas.

5.      Defendant K-C Penn is a Delaware limited liability company, with its principal place of business in Chester, Pennsylvania.  K-CC is the only member of K-C Penn.  *See* Exhibit A, Affidavit of Steve Milton.

6.      For diversity jurisdiction purposes, "the citizenship of an LLC is determined by the citizenship of each of its members."  *Zambelli Fireworks Manufacturing Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).  K-C Penn's citizenship is therefore determined by the citizenship of its only member, K-CC.  K-C Penn is, therefore, a citizen of the states of Delaware and Texas.

7.      Thus, in accordance with 28 U.S.C. § 1332(a)(2), there is complete diversity of citizenship among the parties.

8.     As demonstrated by the Complaint, the amount in controversy exceeds $75,000 exclusive of interest and cost.  Plaintiff is seeking in excess of $15,000,000.

### III.     Reservation of Rights

9.     By filing the instant Notice, Defendants do not waive, and fully reserve all rights and defenses.

### IV.     Defendants Have Satisfied The Procedural Requirement for Removal

10.     The United States District Court for the Eastern District of Pennsylvania embraces the county in which the state court action is now pending.  Therefore, under 28 U.S.C. §§ 124(a)(1) and 1441(a), the Court is a proper venue for this action.

11.     Defendants have attached as Exhibit B to this Notice of Removal a copy of all process, pleadings, and orders served in this case.

### V.     Conclusion

12.     Defendants respectfully remove this action, presently pending in the Court of Common Pleas for Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania.  If any question arises as to the propriety of removal to this Court, Defendants request the opportunity to present a brief and oral argument supporting removal.

Respectfully submitted,

_____ /S/ _____

**BAKER BOTTS L.L.P.**
Michael J. Barta
*pro hac vici application forthcoming*
Mark R. Robeck
*pro hac vici application forthcoming*
Kathryn M. Kelley (PA ID. 306856)
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Tel:   (202) 639-7700
Fax:   (202) 639-7890
michael.barta@bakerbotts.com
mark.robeck@bakerbotts.com
kathryn.kelley@bakerbotts.com

**OBERMAYER REBMANN
MAXWELL & HIPPEL LLP**
Walter M. Phillips, Jr. (PA ID. 22788)
H. David Seidman (PA ID. 87769)
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
Phone (215) 665-3000
Fax (215) 665-3165
walter.phillips@obermayer.com
david.seidman@obermayer.com

Attorneys for Defendants

Dated: April 4, 2013

# EXHIBIT A

# EXHIBIT A

THE STATE OF TEXAS      §
     §
COUNTY OF DALLAS      §

### AFFIDAVIT OF STEVE MILTON

My name is Steven W. Milton. I am over the age of eighteen (18) years and am competent to make this declaration. I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is within my personal knowledge and true and correct:

1.      I have been employed by Kimberly-Clark Corporation since 2007 in its Legal Department. My current title is Assistant General Counsel and Assistant Secretary.

2.      During the course of acting as Assistant General Counsel and Assistant Secretary for Kimberly-Clark, I have gained personal knowledge of the corporate structure of Kimberly-Clark Corporation and its subsidiaries.

3.      Kimberly-Clark Pennsylvania, LLC is a limited liability company organized under the laws of the State of Delaware and Kimberly-Clark Corporation is the only member of Kimberly-Clark Pennsylvania, LLC.

FURTHER AFFIANT SAYETH NOT.

_____
Steven W. Milton

SWORN AND TO AND SUBSCRIBED before me on this 4th day of April, 2013.



ALLEN F. MIHECOBY
Notary Public, State of Texas
My Commission Expires
January 19, 2016

_____
Notary Public, State of Texas
My Commission Expires: January 19, 2016

# EXHIBIT B

# EXHIBIT B

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **MARCH 2013**     **000637** <br> E-Filing Number: 1303008755 |

| PLAINTIFF'S NAME <br> SUNOCO, INC. (R&M) | DEFENDANT'S NAME <br> KIMBERLY-CLARK PENNSYLVANIA, LLC |
|---|---|
| PLAINTIFF'S ADDRESS <br> 1818 MARKET STREET <br> PHILADELPHIA PA 19103 | DEFENDANT'S ADDRESS <br> FRONT ST. & AVE. OF THE STATES <br> CHESTER PA 19013 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME <br> KIMBERLY-CLARK CORPORATION |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS <br> 351 PHELPS DRIVE <br> IRVING TX 75038 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS <br> 1 | TOTAL NUMBER OF DEFENDANTS <br> 2 | COMMENCEMENT OF ACTION |
|---|---|---|

COMMENCEMENT OF ACTION
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration   [ ] Mass Tort   [ ] Commerce   [ ] Settlement <br> [X] Jury   [ ] Savings Action   [ ] Minor Court Appeal   [ ] Minors <br> [ ] Non-Jury   [ ] Petition   [ ] Statutory Appeals   [ ] W/D/Survival <br> [ ] Other: |

CASE TYPE AND CODE
3T - TORTS TO LAND

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** <br> MAR **06** 2013 | IS CASE SUBJECT TO COORDINATION ORDER? <br> YES     NO |
|---|---|---|

---

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>SUNOCO, INC. (R&M)</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> THOMAS J. MCGARRIGLE | ADDRESS <br> 2500 LIBERTY PLACE <br> 1650 MARKET STREET <br> PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER <br> (215)851-8220 | FAX NUMBER <br> none entered | |
| SUPREME COURT IDENTIFICATION NO. <br> 27868 | E-MAIL ADDRESS <br> tmcgarrigle@reedsmith.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY <br> *THOMAS MCGARRIGLE* | DATE SUBMITTED <br> Wednesday, March 06, 2013, 01:59 pm |

SUNOCO, INC. (R&M)
1818 Market Street, Suite 1500
Philadelphia, PA 19103,

                 Plaintiff,

     v.

KIMBERLY-CLARK PENNSYLVANIA,
LLC
Front Street & Avenue of the States
Chester, PA 19013,

and

KIMBERLY-CLARK CORPORATION
351 Phelps Drive
Irving, TX 75038,

                 Defendants.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

CASE NO. _____



## NOTICE TO DEFEND

### NOTICE

You have been sued in Court.  If you wish to defend
against the claims set forth in the following pages, you
must take action within twenty (20) days after this
Amended  Complaint  and  Notice  are  served,  by
entering a written appearance personally or by an
attorney and filing in writing with the Court your
defenses or objections to the claims set forth against
you.  You are warned that if you fail to do so, the case
may proceed without you and a judgment may be
entered against you by the Court without further
notice for any money claimed in the Amended
Complaint or for any other money or property or
other rights important to you.

*You should take this paper to your lawyer at once.  If
you do not have a lawyer or cannot afford one, go to or
telephone the office set forth below to find out where
you can get legal help.*

**Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

### AVISO

Le han demandado a usted en la corte.  Si usted quiere
defenderse de estas demandas expuestas en las paginas
siguientes, usted tiene veinte (20) dias de plazo al partir
de la fecha de la demanda y la notificacion.  Hace falta
asentar una comparencia escrita o en persona o con un
abogado y entregar a la corte en forma escrita sus
defensas o sus objeciones a las demandas en contra de
su persona.  Sea a visado que si usted no se defiende, la
corte tomara medidas y puede continuar la demanda
en contra suya sin previo aviso o notificacion.  Ademas,
la corte puede decidir a favor del demandante y
requiere que usted cumpla con todas las provisiones de
esta demanda.   Usted puede perer dinero o sus
propiedades u otros derechos importantes para usted.

*Lleva esta demanda a un abogado immediatamente.  Si
no tiene abogado o si no tiene el dinero suficiente de
pagar tal servicio, vaya en persona o llame por telefono a
la oficina cuya direccion se encuentra escrita abajo para
averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

**REED SMITH LLP**
Thomas J. McGarrigle
Identification No. 27868
Nipun J. Patel
Identification No. 208130
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215) 851-8100
(215) 851-1420 Fax

Attorneys for Plaintiff
Sunoco, Inc. (R&M)

---

SUNOCO, INC. (R&M)                                :
1818 Market Street, Suite 1500           :
Philadelphia, PA 19103,                        :
                                                                  :
                              Plaintiff,           :
               v.                                             :
                                                                  :
KIMBERLY-CLARK PENNSYLVANIA,    :
LLC                                                           :
Front Street & Avenue of the States      :
Chester, PA 19013                               :
                                                                  :
and                                                         :
                                                                  :
KIMBERLY-CLARK CORPORATION       :
351 Phelps Drive                                   :
Irving, TX 75038                                    :
                                                                  :
                              Defendants.       :

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

CASE NO. _____

---

### COMPLAINT

Plaintiff Sunoco, Inc. (R&M) ("Sunoco"), by and through its undersigned counsel, Reed

Smith LLP, brings the within Complaint against Defendants Kimberly-Clark Pennsylvania, LLC,

and Kimberly-Clark Corporation (collectively, "Kimberly-Clark" or "Defendants") and in

support thereof avers as follows:

### INTRODUCTION

1.      This action arises out of a power disruption at Sunoco's refinery and plant located

in Marcus Hook, Pennsylvania (the "Marcus Hook Refinery") which resulted in millions of

Case ID: 130300637

dollars of damages to Sunoco's property, equipment, and operations.  The power disruption was an immediate, direct, and proximate result of the negligence of Defendants in failing to properly conduct a planned power outage at Kimberly-Clark's neighboring mill and plant located in Chester, Pennsylvania.  Defendants received instructions in early 2011 on the procedures for safely effectuating the planned power outage, but nevertheless negligently and carelessly failed to follow those procedures.

## PARTIES

2.      Plaintiff Sunoco, Inc. (R&M) is a Pennsylvania corporation maintaining its principal place of business at 1818 Market Street, Suite 1500, Philadelphia, Pennsylvania 19103.

3.      At all relevant times hereto, Sunoco owned and operated the Marcus Hook Refinery, which is located at 100 Green Street, Marcus Hook, Pennsylvania 19061.

4.      Sunoco owned the real property, improvements thereto, and all equipment, furnishings, contents and other business and personal property which makes up the Marcus Hook Refinery.

5.      Defendant Kimberly-Clark Pennsylvania, LLC is a Delaware limited liability company maintaining its principal place of business at Front St. & Avenue of the States, Chester, Pennsylvania 19013.

6.      Defendant Kimberly-Clark Corporation is incorporated in Delaware and maintains its principal place of business at 351 Phelps Drive, Irving, Texas 75038.

7.      Kimberly-Clark Corporation is the sole member of Kimberly-Clark Pennsylvania, LLC.

8.      On information and belief, Kimberly-Clark Corporation controls and/or actively participates in Kimberly-Clark Pennsylvania, LLC's daily operations.

- 2 -

Case ID: 130300637

9.     At all relevant times hereto, Kimberly-Clark owned and operated a mill and plant at its Chester location which focuses on the production of towels and tissues marketed under the "Scott" brand name.

10.     The Marcus Hook Refinery and Kimberly-Clark's Chester mill and plant are located in an industrialized section of Chester County, Pennsylvania, and have been so located for numerous years.

11.     Kimberly-Clark's Chester mill and plant is geographically located only a few miles from the Marcus Hook Refinery.

12.     Kimberly-Clark knew, or should have known, of Sunoco's operations at the Marcus Hook Refinery.

13.     At all relevant times hereto, Kimberly-Clark acted by and through its duly authorized agents, servants, employees, and contractors, all of whom were acting within their full scope and authority and in furtherance of Kimberly-Clark's business and interests.

## JURISDICTION AND VENUE

14.     Jurisdiction is proper in this Court because, at all relevant times hereto, Sunoco and Kimberly-Clark regularly conducted business in the Commonwealth of Pennsylvania, and because all or a substantial portion of the facts and occurrences which are the subject of this Complaint took place in the Commonwealth of Pennsylvania.

15.     Venue is proper in Philadelphia County because Sunoco is located in Philadelphia County, and Kimberly-Clark regularly conducts business in Philadelphia County.

## FACTUAL BACKGROUND

16.     In early 2011, Kimberly-Clark planned to perform maintenance and/or a replacement of its transmission system at its Chester mill and plant.

Case ID: 130300637

17.     To perform the maintenance and/or repair required Kimberly-Clark to de-energize the electrical service to its system, perform the maintenance and/or replacement and then reconnect the electrical service to its system.

18.     Both Kimberly-Clark and Sunoco obtain their electricity from PECO.

19.     Kimberly-Clark notified PECO of its planned power outage to perform its maintenance.

20.     PECO visited Kimberly-Clark's site to verify Kimberly-Clark's switch designation and PECO's single line drawing.

21.     Kimberly-Clark received instructions from PECO including instructions regarding the sequence of electrical switches necessary to safely perform the outage to avoid a fault and resultant damage to other customers.

22.     Kimberly-Clark failed to follow the PECO instructions.

23.     On March 28, 2011, Kimberly-Clark performed its own switching in preparation of its planned outage.

24.     At approximately 4:19 p.m. Kimberly-Clark closed its 3-phase ground switch out of sequence onto a 69 KV bus that was still energized.

25.     Kimberly-Clark's action caused a large amount of fault current to flow and depressed the voltage in PECO's Chester substation to near zero.

26.     Kimberly-Clark's incoming circuit breaker should have operated timely to remove the fault that Kimberly-Clark created, but the circuit breaker failed to open.

27.     As a result of the failure of Kimberly-Clark's circuit breaker to timely open, the fault lasted 18.5 cycles.

Case ID: 130300637

28.     The circuit breakers did not timely open as a result of Kimberly-Clark's failure to properly inspect, repair, service, test, and/or maintain them.

29.     As a direct result of Kimberly-Clark's action the voltage at PECO's substation dropped from 69KV to 18KV.

30.     As a direct result of Kimberly-Clark's acts, the PECO substation which feeds Sunoco's Marcus Hook Refinery had its 13KV bus voltage decreased to 5.2 KV.

31.     As a direct result of Kimberly-Clark's actions, the electrical load at Sunoco's Marcus Hook Refinery dropped from approximately 48 MW to only 16 MW.

32.     The severity of the fault and its extended duration created by Kimberly-Clark surpassed the threshold that Sunoco's equipment could handle in order to continue normal operations.

33.     As a direct and proximate result of the electrical fault caused by Kimberly-Clark, there was an immediate 18.5 cycles disruption in the Marcus Hook Refinery's electrical power feed.

34.     The power disruption caused an immediate shut down of nearly all equipment and machinery located at the Marcus Hook Refinery.

35.     Among other things, the power disruption caused by Kimberly-Clark resulted in severe physical damage to the Marcus Hook Refinery, including:

        a.      a complete shut down of several boilers which power the refinery's essential refining equipment and machinery;

        b.      clogging of the refinery's fluid catalytic converter unit – the core piece of equipment used to refine petroleum, causing it to be inoperable;

        c.      a loss of the refinery's air compressors;

        d.      the tripping off line of the electrical equipment at the refinery that is not supplied by uninterrupted power supplies.

Case ID: 130300637

e.    heavy black smoke emanating from stacks located on the refinery.

36.    As a result of the foregoing extensive physical damage to the Marcus Hook Refinery's equipment and machinery, Sunoco was unable to operate its refining activities at the refinery for approximately ten (10) days.

37.    As a result of the ten (10) day refinery shut down, Sunoco lost millions of dollars in sales revenue.

38.    Sunoco personnel and outside contractors were also required to work around the clock during the ten (10) day shutdown to perform repairs and testing of damaged equipment to ensure a safe re-start of operations.

39.    Sunoco also accrued millions of dollars in demurrage charges for petroleum that could not be delivered, refined or otherwise used during the power disruption.

40.    At all times prior to and after the ten (10) day shutdown, the Marcus Hook Refinery was operating at full capacity.

## COUNT I
## (NEGLIGENCE)

41.    Sunoco incorporates by reference the averments of the preceding paragraphs as if fully set forth herein.

42.    Defendants owed a duty to use reasonable care in their activities so as to avoid damage or injury to Sunoco.

43.    Defendants knew or should have known that their aforementioned negligence and carelessness could, and would, result in a power disruption and concomitant damage to businesses located near Kimberly-Clark's Chester mill and plant such as Sunoco's Marcus Hook Refinery.

Case ID: 130300637

44.     Kimberly-Clark also had a duty to use and maintain its Chester plant and the equipment located thereon in a safe and reasonable manner which would not injure nearby landowners such as Sunoco.

45.     Defendants negligently breached the foregoing duties by:

      a.     failing to follow PECO's instructions regarding the procedures for safely effectuating a planned power outage;

      b.     failing to use reasonable care in performing electrical switching operations;

      c.     failing to properly inspect, repair, service, test, and/or maintain circuit breakers which caused the electrical fault to last for a time period sufficient to trip the electrical equipment at the plant – had the circuit breaker operated as designed, the electrical fault would have cleared within 8 cycles and allowed the electrical equipment at the refinery to ride through the fault; and

      d.     failing to adequately train and supervise their employees, agents, contractors and sub-contractors in the performance of electrical switching and testing.

46.     As a direct and proximate result of Defendants' aforementioned negligence and carelessness, Sunoco suffered millions of dollars of damages to its property, equipment, and operations at the Marcus Hook Refinery.

**WHEREFORE**, Sunoco respectfully requests that the Court enter judgment in its favor and against Defendants in an amount in excess of $15,000,000, and grant Sunoco such further and additional relief as the Court deems just and proper.

## COUNT II
## (PRIVATE NUISANCE)

47.     Sunoco incorporates by reference the averments of the preceding paragraphs as if fully set forth herein.

Case ID: 130300637

48.     The aforementioned negligence and carelessness of Defendants resulted in a substantial and direct invasion of Sunoco's right to use and enjoy its property and land located at the Marcus Hook Refinery.

49.     Sunoco suffered significant harm to its property, equipment, and operations as a direct and proximate result of the nuisance that was created by Defendants.

**WHEREFORE**, Sunoco respectfully requests that the Court enter judgment in its favor and against Defendants in an amount in excess of $15,000,000, and grant Sunoco such further and additional relief as the Court deems just and proper.

### JURY DEMAND

50.     Sunoco demands a jury trial on all issues so triable.


By:   s/Thomas J. McGarrigle
**REED SMITH LLP**
Thomas J. McGarrigle, Esquire
Pa. Id. No. 27868
Nipun J. Patel, Esquire
Pa. Id. No. 208130
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8100
(215) 851-1420 (facsimile)
tmcgarrigle@reedsmith.com
npatel@reedsmith.com

Attorneys for Plaintiff
Sunoco, Inc. (R&M)

Dated: March 6, 2013

Case ID: 130300637

## VERIFICATION

I, Jonathan A. Hunt, Operations Manager for Sunoco, Inc. (R&M) ("Sunoco"), hereby state that I am authorized to make this Verification on Sunoco's behalf.  I hereby verify subject to the penalties for falsification provided for under 18 Pa. C. S. § 4904 that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge information and belief.

Jonathan A. Hunt

Dated:March 5, 2013

**REED SMITH LLP**
Thomas J. McGarrigle
Identification No. 27868
Nipun J. Patel
Identification No. 208130
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100
(215) 851-1420 Fax

Attorneys for Plaintiff
Sunoco, Inc. (R&M)



| | |
|---|---|
| SUNOCO, INC. (R&M)<br>1818 Market Street, Suite 1500<br>Philadelphia, PA 19103,<br><br>                 Plaintiff,<br>     v.<br><br>KIMBERLY-CLARK PENNSYLVANIA,<br>LLC,<br>Front Street & Avenue of the States<br>Chester, PA 19013<br><br>and<br><br>KIMBERLY-CLARK CORPORATION,<br>351 Phelps Drive<br>Irving, TX 75038<br><br>                 Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CASE NO. 130300637 |

## AFFIDAVIT OF SERVICE OF THE COMPLAINT

I, Nipun J. Patel, counsel for plaintiff Sunoco, Inc. (R&M), being duly sworn according

to the law, deposes and says that service of a true and correct copy of the Complaint was made

upon Defendant Kimberly-Clark Corporation, 351 Phelps Drive, Irving, TX 75038, as evidenced

by the Delivery Notification attached hereto as Exhibit A.

By: _____

Nipun J. Patel

**REED SMITH LLP**

*Attorney for Plaintiff Sunoco, Inc. (R&M)*

March 13, 2013

SWORN TO and SUBSCRIBED
before me this 13th day of March 2013

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
RUTH REBER, Notary Public
City of Philadelphia, Phila. County
My Commission Expires April 21, 2015

Case ID: 130300637

# EXHIBIT  A

Case ID: 130300637



## Delivery Notification

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

| | |
|---|---|
| **Tracking Number:** | 1Z 733 2X6 01 9389 856 6 |
| **Reference Number(s):** | 883380/60123/000196 |
| **Service:** | NEXT DAY AIR |
| **Shipped/Billed On:** | 03/06/2013 |
| **Delivered On:** | 03/07/2013 9:59 A.M. |
| **Delivered To:** | 351 PHELPS DR |
| | IRVING, TX, US  75038 |
| **Signed By:** | MEDLIN |

**Location:**            OFFICE

Thank you for giving us this opportunity to serve you.

Sincerely,
UPS

Tracking results provided by UPS:  03/13/2013 1:09 P.M.   ET

**REED SMITH** LLP
Thomas J. McGarrigle
Identification No. 27868
Nipun J. Patel
Identification No. 208130
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215) 851-8100
(215) 851-1420 Fax

Attorneys for Plaintiff
Sunoco, Inc. (R&M)



---

| | |
|---|---|
| SUNOCO, INC. (R&M)<br>1818 Market Street, Suite 1500<br>Philadelphia, PA 19103,<br><br>               Plaintiff,<br>      v.<br><br>KIMBERLY-CLARK PENNSYLVANIA,<br>LLC,<br>Front Street & Avenue of the States<br>Chester, PA 19013<br><br>and<br><br>KIMBERLY-CLARK CORPORATION,<br>351 Phelps Drive<br>Irving, TX 75038<br><br>              Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CASE NO. 130300637 |

---

## AFFIDAVIT OF SERVICE OF THE COMPLAINT

I, Nipun J. Patel, counsel for plaintiff Sunoco, Inc. (R&M), being duly sworn according

to the law, deposes and says that service of a true and correct copy of the Complaint was made

by the Delaware County Sheriff's Office upon Defendant Kimberly-Clark Pennsylvania, LLC,

Front Street & Avenue of the States, Chester, PA 19013, as evidenced by the Return of Service

form attached hereto as Exhibit A.

By: _____
        Nipun J. Patel
        **REED SMITH LLP**
        *Attorney for Plaintiff Sunoco, Inc. (R&M)*

March 26, 2013

SWORN TO and SUBSCRIBED
before me this 26th day of March 2013

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
RUTH REBER, Notary Public
City of Philadelphia, Phila. County
My Commission Expires April 21, 2015

- 2 -

Case ID: 130300637

# EXHIBIT  A

Case ID: 130300637

C.P. 66-1/2

## SHERIFF'S RETURN OF SERVICE - PHILADELPHIA CO.

(Please prepare separate "Form" for each Defendant to be served by Sheriff. If you desire a copy of this "Return" mailed to you, please attach self-addressed, stamped envelope for each separate address where service is required.)

**COURT TERM AND NUMBER**

0013-637  3-14-13

### TO BE COMPLETED BY ATTORNEY

**PLAINTIFF**

Sunoco, Inc. (R&M)

**DEFENDANT(S)**

Kimberly-Clark Pennsylvania, LLC
Front Street & Avenue of the States
Chester, PA  19013

**SERVE AT**

Front Street & Avenue of the States
Chester, PA 19103

**SPECIAL INSTRUCTIONS**

Please Expedite Service

**SHERIFF'S NUMBER**

Shn# 7697747   $104.65

| COST | MILEAGE |
|------|---------|
| 3-6-13 | 1 copy |

**DISTRICT**

☐ Summons     ☐ Complaint
☐ Other: _____

**TYPE OF ACTION**

### TO BE COMPLETED BY SHERIFF

Served and made known to Kimberly-Clark Pennsylvania LLC Defendant(s) on the **14** day of March, 20 **13**, at **11:34** o'clock A.M. at ABOVE ADDRESS Street, County of ~~Philadel-~~ Delaware phia, Commonwealth of Pennsylvania, in the manner described below:

☐ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence who refused to give name or relationship.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s).
☒ Agent or person in charge of Defendant's office or usual place of business. Kevin Kocsi
   _____ and officer of said Defendant company.
☐ Other _____

Sworn to and subscribed before me
this 19th day of March 20 13.

_Grace M. Speck_

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
GRACE M. SPECK, Notary Public
Media Boro., Delaware County
My Commission Expires August 3, 2014

**SHERIFF**

By _____
        **Deputy Sheriff**

On the _____ day of _____, 20_____, at _____ o'clock _____.M. Defendant not found because:

☐ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant   ☐ Other: _____

**SHERIFF**

By _____
        **Deputy Sheriff**

### DEPUTIZED SERVICE

Now, the _____ day of _____, 20_____, I, Sheriff of Philadelphia County, Pennsylvania, do hereby deputize the Sheriff of _____ County, _____, to serve this  ☐ Summons  ☐ Complaint  ☐ Other: _____ and make return thereof and according to Law.

**SHERIFF**

By _____
        **Deputy Sheriff**

| TO BE COMPLETED BY ATTORNEY | TO BE COMPLETED BY PROTHONOTARY |
|---|---|

**Name** Nipun J. Patel

**Address** 2500 One Liberty Place, 1650 Market Street, Philadelphia, PA 19103

**Telephone Number** 215-851-8240

**Identification Number** 208130

**Represents:**
☒☒ Plaintiff(s) Sunoco, Inc. (R&M)
☐ Defendant(s) _____
☐ Other _____

A     T     T     E     S     T

PRO PROTHONOTARY

DATE _____

Case ID: 130300637

5-21 (Rev. 7/00)



# SHERIFF OF DELAWARE COUNTY
## MEDIA, PENNSYLVANIA, 19063

JOSEPH F. McGINN
Sheriff

PHONE (610) 891-4296 FACSIMILE (610) 891-1765

WILLIAM C. KELLY
Chief Deputy

Invoice Number: PO-269747

Date Filed: Mar 13, 2013

Attorney: Philadelphia County

Court Term & No.: OC13-637

Plaintiff: Sunoco

Defendant: Kimberly-Clark PA

Case Type: CIVIL -- Complaint

Comments:
Chester--Fld 3-6--Torts to Land

Front Street & Avenue of the St

Special Instructions:

Check No./Cash: 1103459

| Account | Amount |
|---|---|
| County Account | $81.50 |
| Mileage | $8.15 |
| Surcharge Account | $10.00 |
| Affidavits Account | $5.00 |
| **Total** | **$104.65** |



**BAKER BOTTS L.L.P.**
Kathryn M. Kelley (PA ID 306856)
Kathryn.Kelley@bakerbotts.com
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 639-7700 / Fax: (202) 639-7890

Attorneys for Defendants
Kimberly-Clark Pennsylvania, LLC
and Kimberly-Clark Corporation

**OBERMAYER REBMANN
MAXWELL & HIPPEL LLP**
Walter M. Phillips, Jr. (PA ID 22788)
Walter.Philips@obermayer.com
H. David Seidman (PA ID 87769)
David.Seidman@obermayer.com
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
Telephone:  (215) 665-3000 / Fax: (215) 665-3165

| | |
|---|---|
| SUNOCO, INC (R&M)<br><br>Plaintiff<br><br>vs.<br><br>KIMBERLY-CLARK<br>PENNSYLVANIA, LLC, *et al.*<br><br>Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MARCH TERM, 2013<br><br>NO.  130300637 |

---

### NOTICE TO PLEAD

**TO PLAINTIFF:**

You are hereby notified to file a written response to the following Preliminary Objection within twenty (20) days from service hereof or a judgment may be entered against you.

_____/S/_____
H. David Seidman

Attorney for Defendants

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT
PHILADELPHIA COUNTY, PENNSYLVANIA

SUNOCO, INC (R&M)

      Plaintiff

        vs.

KIMBERLY-CLARK
PENNSYLVANIA, LLC, *et al*.

      Defendants

MARCH TERM, 2013

NO.  130300637

## <u>ORDER</u>

     **AND NOW**, this _____ day of _____, 2013, upon consideration of Defendants' Preliminary Objection to Plaintiff's Complaint (the "Preliminary Objection") and any response thereto, it is hereby **ORDERED** that the Preliminary Objection is **GRANTED** and this matter is **TRANSFERRED** to the Delaware County Court of Common Pleas pursuant to Pennsylvania Rule of Civil Procedure 1006(e).

BY THE COURT:

_____  J.

Case ID: 130300637
Control No.: 13040777

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT
PHILADELPHIA COUNTY, PENNSYLVANIA

SUNOCO, INC (R&M)

    Plaintiff

      vs.

KIMBERLY-CLARK
PENNSYLVANIA, LLC, *et al*.

    Defendants

MARCH TERM, 2013

NO. 130300637

## DEFENDANTS' PRELIMINARY OBJECTION TO PLAINTIFF'S COMPLAINT FOR LACK OF VENUE

Pursuant to Pennsylvania Rules of Civil Procedure 1006(e) and 1028(a)(1),

Defendants, Kimberly-Clark Pennsylvania, LLC ("Kimberly-Clark PA") and Kimberly-

Clark Corporation ("Kimberly-Clark Corp."),[1] object to the Complaint for lack of venue and

move this Court to transfer this matter to the Delaware County Court of Common Pleas.

    1.    In its Complaint, Plaintiff asserts claims against Defendants for negligence

(Count I) and private nuisance (Count II), alleging that Defendants failed to properly

conduct a planned power outage at Defendant Kimberly-Clark PA's mill in Delaware

County that caused an electrical fault at PECO's substation in Delaware County. Plaintiff

alleges that such electrical fault resulted in a power disruption to Plaintiff's oil refinery

and plant located in Delaware County, purportedly causing damage to Plaintiff's plant

and operations.

---

[1] Kimberly-Clark Corporation also objects because it does not have sufficient minimum contacts with Pennsylvania to be subject to personal jurisdiction in a Pennsylvania Court consistent with due process and the long-arm statute, 42 Pa cons. Stat. §5322(b).

Case ID: 130300637
Control No.: 13040777

2.      Notwithstanding the lack of merit of Plaintiff's claims, venue does not exist in Philadelphia County.  Philadelphia County has <u>no</u> connection to Plaintiff's claims and <u>no</u> connection to Defendants.

3.      Under Pennsylvania Rule of Civil Procedure 2179(a), actions against corporations such as Defendant may be "brought in and only in: (1) the county where its registered office or principal place of business is located; (2) a county where it regularly conducts business; (3) the county where the cause of action arose; (4) a county where a transaction or occurrence took place out of which the cause of action arose … ."  Pa. R. Civ. P. 2179(a).

4.      In its Complaint, Plaintiff summarily alleges that venue is proper in Philadelphia County "because Sunoco is located in Philadelphia County, and Kimberly-Clark regularly conducts business in Philadelphia County."  Complaint at ¶15.

5.      Plaintiff is wrong on both accounts.

6.      First, the location of the Plaintiff is <u>not</u> a basis for proper venue under the Pennsylvania Rules of Civil Procedure.  <u>See</u> PA R. Civ. P. 2179(a).

7.      Second, as attested to by Defendants in the Affidavit of Steven W. Milton (attached as Exhibit 1), Defendants do not regularly conduct business in Philadelphia County.

8.      In order to determine whether a corporation "regularly conducts business" in a county for venue purposes, the court applies a "quality and quantity" test of business contacts.  <u>Wimble v. Parx Casino & Greenwood Gaming & Entm't, Inc.</u>, 40 A.3d 174, 177 (Pa. Super. 2012)(citing <u>Purcell v. Bryn Mawr Hospital</u>, 579 A.2d 1282 (Pa. 1990). "Quality of acts means those directly furthering, or essential to, corporate objects; they do

Case ID: 130300637
Control No.: 13040777

not include incidental acts.  Quantity means those acts which are so continuous and sufficient to be general or habitual.  The acts of the corporation must be distinguished: those in aid of a main purpose are collateral and incidental, while those necessary to its existence are direct." Id. at 1285 (citations and quotations omitted).  Each case must be based upon its own individual facts.  Wimble, 40 A.3d at 177 (citing Schultz v. MMI Products, Inc., 30 A.3d 1224, 1227 (Pa. Super. 2011).

9.      In this case, Defendants do not conduct business activities in Philadelphia County having the quantity and quality of regularly conducting business so as to subject them to venue in Philadelphia County.

10.     Kimberly-Clark Corp. provides various corporate administrative functions and has manufacturing facilities and mill distribution centers outside the Commonwealth of Pennsylvania, but does not itself engage in sales or manufacturing in Pennsylvania and does not do business in Philadelphia.  Milton Affidavit, ¶3.

11.     Kimberly-Clark PA is a subsidiary of Kimberly-Clark Corp.  Kimberly-Clark PA's sole purpose and business is operating the mill located in Delaware County at 1 Avenue of the States, Chester, PA 19013.  As operator of the mill, Kimberly-Clark PA manufactures products but does not sell those products for distribution directly to either wholesalers or retailers.  Kimberly-Clark PA's only business activities occur on location at the plant in Delaware County and do not extend to Philadelphia County.  Id. at 4 and 5.

12.     Furthermore, there is no other bases for venue under Rule 2179(a), in that (1) Defendants do not have their registered offices or principal places of business in Philadelphia County; (2) Philadelphia County is not the county where this cause of action arose; (3) no transactions or occurrences giving rise to this cause of action took place in

Philadelphia County.  In addition, the subject matter of this action does not involve property located in Philadelphia. Id. at 6 and 7.

13.    This matter should be transferred to the Delaware County Court of Common Pleas.

14.    Pennsylvania Rule of Civil Procedure 1006(e) provides, in part, "[i]f a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county."

15.    Kimberly-Clark PA's mill is located in Delaware County.  Plaintiff's refinery is located in Delaware County.[2] All of the events alleged in the Complaint giving rise to Plaintiff's claims occurred in Delaware County. Id.

16.    Accordingly, Delaware County, not Philadelphia County, is the proper venue for this action, and therefore, this matter should be transferred to the Delaware County Court of Common Pleas.

WHEREFORE, Defendants respectfully request the Court grant their Preliminary Objection and transfer this matter to the Court of Common Pleas for Delaware County.

---

[2]  The Complaint mistakenly alleges that the refinery and mill are located in Chester County.  This is not correct; both the refinery (located in Marcus Hook, PA) and the mill (located in Chester, PA) are located in Delaware County. See Map of Delaware County (attached as Exhibit "B").

Respectfully submitted,

BAKER BOTTS L.L.P.

_____/S/_____

Kathryn M. Kelley
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Phone:  (202) 639-7700 / Fax: (202) 639-7890
*kathryn.kelley@bakerbotts.com*

OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
Walter M. Phillips, Jr.
H. David Seidman
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
Phone: (215) 665-3000 / Fax: (215) 665-3165
*walter.phillips@obermayer.com*
*david.seidman@obermayer.com*

*Attorneys for Defendants, Kimberly-Clark*
*Pennsylvania, LLC and Kimberly-Clark Corporation*

OF COUNSEL / PRO HOC VICE PENDING
Michael J. Barta
Mark R. Robeck
Baker Botts L.L.P.
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
*michael.barta@bakerbotts.com*
*mark.robeck@bakerbotts.com*

Dated:  April 4, 2013

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT
PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| SUNOCO, INC (R&M) | |
| Plaintiff | MARCH TERM, 2013 |
| vs. | NO.  130300637 |
| KIMBERLY-CLARK PENNSYLVANIA, LLC, et al. | |
| Defendants | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTION TO PLAINTIFF'S COMPLAINT FOR LACK OF VENUE

Defendants, Kimberly-Clark Pennsylvania, LLC ("Kimberly-Clark PA") and Kimberly-Clark Corporation ("Kimberly-Clark Corp."),[3] submit this Memorandum of Law in Support of their Preliminary Objection objecting to venue in Philadelphia and moving to transfer this matter to the Delaware County Court of Common Pleas.

### MATTER BEFORE THE COURT

The matter before this Court is the disposition of Defendants' Preliminary Objection to Plaintiff's Complaint for Lack of Venue, seeking to transfer this matter to the Delaware County Court of Common Please pursuant to Pennsylvania Rule of Civil Procedure 1006(e).

---

[3] Kimberly-Clark Corporation also objects because it does not have sufficient minimum contacts with Pennsylvania to be subject to personal jurisdiction in a Pennsylvania Court consistent with due process.

Case ID: 130300637
Control No.: 13040777

## <u>QUESTION BEFORE THE COURT</u>

**Question:** Should this Court transfer this matter to the Delaware County Court of Common Pleas, where all of the events alleged in the Complaint giving rise to Plaintiff's claims occurred in Delaware County and where (1) Defendants do not regularly conduct business in Philadelphia (2) Defendants do not have their registered offices or principal places of business in Philadelphia; (3) Plaintiff's cause of action did not arise in Philadelphia; and (4) no transactions or occurrences giving rise to this cause of action took place in Philadelphia?

**Suggested Answer**: Yes. Pursuant to Pennsylvania Rule of Civil Procedure 1006(e), this matter should be transferred to the Delaware County Court of Common Pleas.

## <u>BACKGROUND</u>

In its Complaint, Plaintiff asserts claims against Defendants for negligence (Count I) and private nuisance (Count II), alleging that Defendants failed to properly conduct a planned power outage at Defendant Kimberly-Clark PA's mill in Delaware County that caused an electrical fault at PECO's substation in Delaware County. Plaintiff alleges that such electrical fault resulted in a power disruption to Plaintiff's oil refinery and plant located in Delaware County, purportedly causing damage to Plaintiff's plant and operations.

Notwithstanding the lack of merit of Plaintiff's claims, venue does not exist in Philadelphia County. Philadelphia County has <u>no</u> connection to Plaintiff's claims and <u>no</u> connection to Defendants.

**LEGAL ARGUMENT**

Venue is improper in Philadelphia County, and this matter should be transferred to the Delaware County Court of Common Pleas. Under Pennsylvania Rule of Civil Procedure 2179(a), actions against corporations such as Defendants may be "brought in and only in: (1) the county where its registered office or principal place of business is located; (2) a county where it regularly conducts business; (3) the county where the cause of action arose; (4) a county where a transaction or occurrence took place out of which the cause of action arose … ." Pa. R. Civ. P. 2179(a).

In its Complaint, Plaintiff summarily alleges that venue is proper in Philadelphia County "because Sunoco is located in Philadelphia County, and Kimberly-Clark regularly conducts business in Philadelphia County." Complaint at ¶15. Plaintiff is wrong on both accounts. First, the location of the Plaintiff is <u>not</u> a basis for proper venue under the Pennsylvania Rules of Civil Procedure. <u>See</u> PA R. Civ. P. 2179(a).

Second, as attested to by Defendants in the Affidavit of Steven W. Milton (attached as Exhibit 1), Defendants do not regularly conduct business in Philadelphia County. In order to determine whether a corporation "regularly conducts business" in a county for venue purposes, the court applies a "quality and quantity" test of business contacts. <u>Wimble v. Parx Casino & Greenwood Gaming & Entm't, Inc.</u>, 40 A.3d 174, 177 (Pa. Super. 2012)(citing <u>Purcell v. Bryn Mawr Hospital</u>, 525 Pa. 237, 579 A.2d 1282 (Pa. 1990). "Quality of acts means those directly furthering, or essential to, corporate objects; they do not include incidental acts. Quantity means those acts which are so continuous and sufficient to be general or habitual. The acts of the corporation must be distinguished: those in aid of a main purpose are collateral and incidental, while those necessary to its existence

Case ID: 130300637
Control No.: 13040777

are direct." Id. at 1285 at 1285 (citations and quotations omitted).  Each case must be based upon its own individual facts.  Wimble, 40 A.3d at 177 (citing Schultz v. MMI Products, Inc., 30 A.3d 1224, 1227 (Pa. Super. 2011).

In this case, Defendants do not conduct business activities in Philadelphia County having the quantity and quality of regularly conducting business so as to subject them to venue in Philadelphia County.  Kimberly-Clark Corp. provides various corporate administrative functions and has manufacturing facilities and mill distribution centers outside of Pennsylvania, but does not itself engage in sales or manufacturing in Pennsylvania and does not do business in Philadelphia County.  Milton Affidavit, ¶3. Kimberly-Clark PA is a subsidiary of Kimberly-Clark Corp.  Kimberly-Clark PA's sole purpose and business is operating the mill located in Delaware County at 1 Avenue of the States, Chester, PA 19013.  As operator of the mill, Kimberly-Clark PA manufactures products but does not sell those products for distribution directly to either wholesalers or retailers.  Kimberly-Clark PA's only business activities occur on location at its mill in Delaware County and do not extend to Philadelphia County.  Id. at 4 and 5.

Furthermore, there is no other bases for venue in Philadelphia County under Rule 2179(a), in that (1) Defendants do not have their registered offices or principal places of business in Philadelphia County; (2) Philadelphia is not the county where this cause of action arose; and (3) no transactions or occurrences giving rise to this cause of action took place in Philadelphia County. In addition, the subject matter of this action does not involve property located in Philadelphia County.  Id. at 6 and 7.

This matter should be transferred to the Delaware County Court of Common Pleas. Pennsylvania Rule of Civil Procedure 1006(e) provides, in part, "[i]f a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county." Kimberly-Clark PA's mill is located in Delaware County. Plaintiff's refinery is located in Delaware County.[4] All of the events alleged in the complaint giving rise to Plaintiff's claims occurred in Delaware County. Id. Accordingly, Delaware County, not Philadelphia County, is the proper venue for this action, and therefore, this matter should be transferred to the Delaware County Court of Common Pleas.

## CONCLUSION AND RELIEF REQUESTED

For all of the foregoing reasons, Defendants respectfully request the Court grant their Preliminary Objection and transfer this matter to the Court of Common Pleas for Delaware County as provided for in the attached proposed form of Order.

---

[4]  The Complaint mistakenly alleges that the refinery and mill are located in Chester County.  This is not correct; both the refinery (located in Marcus Hook, PA) and the mill (located in Chester, PA) are located in Delaware County.  See Map of Delaware County (attached as Exhibit "B").

Respectfully submitted,

BAKER BOTTS L.L.P.

_____/S/_____
Kathryn M. Kelley
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Phone:  (202) 639-7700 / Fax: (202) 639-7890
*kathryn.kelley@bakerbotts.com*

OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
Walter M. Phillips, Jr.
H. David Seidman
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
Phone: (215) 665-3000 / Fax: (215) 665-3165
*walter.phillips@obermayer.com*
*david.seidman@obermayer.com*

*Attorneys for Defendants, Kimberly-Clark*
*Pennsylvania, LLC and Kimberly-Clark Corporation*

OF COUNSEL / *PRO HOC VICE* PENDING
Michael J. Barta
Mark R. Robeck
Baker Botts L.L.P.
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
*michael.barta@bakerbotts.com*
*mark.robeck@bakerbotts.com*

Dated:  April 4, 2013

# EXHIBIT A

# EXHIBIT A

Case ID: 130300637
Control No.: 13040777

THE STATE OF TEXAS      §
                        §
COUNTY OF DALLAS        §

### AFFIDAVIT OF STEVEN W. MILTON

My name is Steven W. Milton.  I am over the age of eighteen (18) years and am competent to make this affidavit.  I hereby declare under penalty of perjury under the laws of the State of Pennsylvania that the foregoing is within my personal knowledge and true and correct:

1.  I have been employed Kimberly-Clark Corporation since 2007 in its Legal Department.  My current title is Assistant General Counsel and Assistant Secretary.

2.  In the course of acting as Assistant General Counsel and Assistant Secretary for Kimberly-Clark, I have gained personal knowledge of the business structure of Kimberly-Clark Corporation and its subsidiaries, the location and operations of Kimberly-Clark Pennsylvania, LLC's mill, and where Kimberly-Clark Corporation and Kimberly-Clark Pennsylvania, LLC do business.

3.  Kimberly-Clark Corporation is the parent company of affiliated Kimberly-Clark subsidiaries that perform a variety of business functions in various locations.  Kimberly-Clark Corporation provides various corporate administrative functions and has manufacturing facilities and mill distribution centers outside the State of Pennsylvania, but does not itself engage in sales or manufacturing in the State of Pennsylvania.  Kimberly-Clark Corporation does not do business in Philadelphia County, Pennsylvania.

4.  Kimberly-Clark Pennsylvania, LLC is one subsidiary which has a sole purpose of operating a mill located at 1 Avenue of the States, Chester, Delaware County, PA 19013.  As operator of the mill, Kimberly-Clark Pennsylvania, LLC manufactures products but does not sell those products for distribution directly to either wholesalers or retailers. Indeed, Kimberly-Clark Pennsylvania, LLC's only business is to operate the mill and all those activities occur on location at the plant in Delaware County, Pennsylvania and do not extend to Philadelphia County, Pennsylvania.

5.  Although products made by Kimberly-Clark Corporation subsidiaries, including Kimberly-Clark Pennsylvania, LLC, are sold in Philadelphia County, Pennsylvania, the distribution and sale of those products is handled by a different subsidiary of Kimberly-Clark Corporation that is not a party to the lawsuit filed by Sunoco, Inc. (R&M), and which was not involved in the events alleged in Sunoco's lawsuit.

- 1 -

Case ID: 130300637

Control No.: 13040777

6.     In the lawsuit filed by Sunoco, Inc. (R&M), Case No. 130300637 in the Court of Common Pleas for Philadelphia County, it is alleged that events and actions at the mill operated by Kimberly-Clark Pennsylvania, LLC caused Sunoco to lose electrical service and suffer damages as a result.  All of the alleged events and actions of Kimberly-Clark Pennsylvania, LLC occurred at the mill located in Delaware County, Pennsylvania.

7.     Neither Kimberly-Clark Corporation nor Kimberly-Clark Pennsylvania, LLC (i) have their registered offices or principal places of business in Philadelphia County, or (ii) own property in Philadelphia County.

FURTHER AFFIANT SAYETH NOT.

_____
Steven W. Milton

SWORN AND TO AND SUBSCRIBED before me on this 4th day of

April, 2013.

ALLEN F. MIHECOBY
Notary Public, State of Texas
My Commission Expires
January 19, 2016

_____
Notary Public, State of Texas

My Commission Expires: January 19, 2016

- 2 -

# EXHIBIT B

# EXHIBIT B

Case ID: 130300637
Control No.: 13040777



Case ID: 130300637
Control No.: 13040777

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT
PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| SUNOCO, INC (R&M) | |
| Plaintiff | MARCH TERM, 2013 |
| vs. | NO.  130300637 |
| KIMBERLY-CLARK PENNSYLVANIA, LLC, et al. | |
| Defendants | |

**CERTIFICATE OF SERVICE**

I, H. David Seidman, counsel for Defendants, do hereby certify that on April 4, 2013 a true and correct copy of the foregoing Preliminary Objection was served upon counsel of record via electronic filing.

> Thomas J. McGarrigle
> Nipun J. Patel
> Reed Smith LLP
> 2500 One Liberty Place
> 1650 Market Street
> Philadelphia, PA 19103

> _____/s/_____
> H. David Seidman

Dated: April 4, 2013

Case ID: 130300637
Control No.: 13040777

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUNOCO, INC (R&M)

    Plaintiff

       vs.

KIMBERLY-CLARK
PENNSYLVANIA, LLC, *et al.*

    Defendants

CIVIL ACTION NO.

### CERTIFICATE OF SERVICE

I, H. David Seidman, Esquire, hereby certify that on this 4th day of April 2013 a true and correct copy of the foregoing Notice of Removal was served by e-mail and First-Class mail on the following counsel of record:

> Thomas J. McGarrigle
> Nipun J. Patel
> Reed Smith LLP
> 2500 One Liberty Place
> 1650 Market Street
> Philadelphia, PA 19103
> tmcgarrigle@reedsmith.com
> npatel@reedsmith.com

                                           /S/
                                      H. David Seidman